## WHITE v. EMIGRANT INDUSTRIAL SAVINGS BANK.

(Supreme Court, Appellate Division, Second Department.   October 20, 1911.)

1. DEATH (§ 2*)—ABSENCE—PRESUMPTION.

Where one is absent and not heard from for seven years or more, he will, for the purpose of administering his estate, be presumed to be dead.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 1–3; Dec. Dig. § 2.*]

2. EXECUTORS AND ADMINISTRATORS (§ 22*)—ADMINISTRATORS—APPOINTMENT—LETTERS.

Where a petition stated facts authorizing the granting of full letters, but merely prayed for temporary administration, and the decree granted temporary administration to plaintiff, and full letters were issued thereon, the error, if any, was corrected by a nunc pro tunc order, amending the first order, and ratifying all proceedings taken under it.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 22.*]

3. EXECUTORS AND ADMINISTRATORS (§ 86*)—ADMINISTRATORS—POWER.

Where the surrogate, upon a decree directing plaintiff's appointment as temporary administrator, issued full letters, and plaintiff demanded payment of a bank deposit belonging to her intestate, plaintiff was, under Code Civ. Proc. § 2591, entitled to maintain an action against the bank for nonpayment, without any additional demand, even though the order was amended nunc pro tunc, and she was properly granted full letters.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 86.*]

4. EXECUTORS AND ADMINISTRATORS (§ 86*)—ADMINISTRATORS—POWER.

Under Code Civ. Proc. § 2672, an administratrix, granted only temporarily [...] led to collect a bank deposit belonging to her [...]es, see Executors and Administrators, Dec.

[...]ings County.

[...] administratrix of the estate of James [...] Emigrant Industrial Savings Bank. [...], and an order denying its motion for Affirmed.

J., and THOMAS, CARR, WOOD-

1 O'Gorman, on the brief), for appel-

William F. Hagarty, for respondent.

RICH, J.   This action was brought to recover a deposit standing to the credit of James White in the defendant bank.   At the close of the evidence both sides requested the direction of a verdict, and the trial court thereupon, with the consent of the parties, discharged the jury, and later granted the plaintiff's motion.   James White is not shown to be actually dead.   In 1899 he was employed as an attendant at the Long Island State Hospital.   He was a young man of exemplary habits, but was suffering from malaria and greatly run down

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in general health. On April 10th of that year he left the hospital for a 10-day vacation, and so far as known that was the last seen or heard of him. Search was instituted, inquiry made, and advertisements inserted in the papers, but without results. On April 28, 1906, more than seven years after his disappearance, the plaintiff, his sister, applied to the Surrogate's Court of Kings county for the appointment of a temporary administrator, and a decree was granted directing that temporary administration be granted to plaintiff, and that "letters of administration upon the goods, chattels, and credits of said James White issue to said petitioner." Full letters were accordingly issued on April 24th. On May 1st following the plaintiff called at the defendant bank, produced the pass book of the decedent and her letters of administration, and demanded payment of the account standing to the credit of said James White, which was refused. On June 6th the Surrogate's Court amended its order of April 24th, by striking out the provisions relating to temporary administration, directing the issuance of full letters, ratified and confirmed all proceedings taken under the former order, and directed the order as amended to be entered nunc pro tunc as of April 24, 1906.

[1] I think the Surrogate's Court had jurisdiction to issue full letters of administration. The general rule that an absentee who has not been heard of for seven years may be presumed to be dead at the expiration of that period, for the purpose of administering his estate, is well settled, and was last asserted by the courts in Matter of Wagener, 143 App. Div. 286, 128 N. Y. Supp. 164.

[2] If, as contended by the appellant, the court erred in issuing full letters upon an order directing temporary administration, its error was cured by the subsequent order. The petition contained all of the facts necessary to authorize the granting of full letters, and the amended order recites that the surrogate is "satisfied that the case is a proper one for the appointment of an administratrix."

[3] The Surrogate's Court having jurisdiction to determine as to whether White was dead or living, for the purpose of administering his estate, its decision is conclusive until revoked or set aside. Section 2591, Code of Civil Procedure. No additional demand was necessary.

[4] If the order and letters issued thereunder are to be given the effect only of appointing the plaintiff temporary administrator, her demand was good, and this action maintainable. Section 2672, Code of Civil Procedure.

The judgment must be affirmed, with costs. All concur.